UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK F KOCH,<br>　　　　Plaintiff,<br>　v.<br>CITY OF SANTA CRUZ, et al.,<br>　　　　Defendants. | Case No. 24-cv-07684-HSG<br><br>**ORDER OF PARTIAL SERVICE** |

Plaintiff, who is currently housed at Monterey County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review pursuant to 28 U.S.C. § 1915A is Plaintiff's complaint, Dkt. No. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

The complaint names as defendants the State of California; the City and County of Santa Cruz; the Santa Cruz City Police Department officers who arrested Plaintiff on April 1, 2024; the Santa Cruz Superior Court Judge on duty in Department 6 during April 2024; "Head of Santa Cruz (illegible) from 2020-2024;" and "Santa Cruz Probation Office from 2020-2024." Dkt. No. 1 at 2.

The complaint alleges that Santa Cruz County issued an invalid arrest warrant for Plaintiff for probation violation, and refused to cancel the warrant despite being repeatedly informed that the warrant was invalid. The active warrant negatively impacted Plaintiff's life, causing him to be denied necessary healthcare services and compensation from the Veterans Administration; the loss of his property, vehicle, and animals; and the inability to obtain housing, employment, and loans.

The complaint makes the following specific allegations. In 2020, Santa Cruz County Probation Department was required to release Plaintiff from probation because his probation was "maxed out." Instead, an active warrant was issued for Plaintiff for probation violation from 2017 to April 2024. In April 2024, Plaintiff was arrested on this warrant. Plaintiff tried to tell the Santa Cruz Superior Court Judge on duty in Department 6 during April 2024 that the warrant was invalid but the judge violated Plaintiff's constitutional rights by telling Plaintiff that it behooved him to not speak to her. Plaintiff was eventually released from custody and the illegal warrant was squashed by the courts. Over the last four years, Plaintiff has repeatedly informed the Santa Cruz Probation Department that the invalid arrest warrant remains in effect, but no action was taken by

either Plaintiff's probation officer or the supervisor of the AB 109 Unit.  Santa Cruz City and County acted maliciously and intentionally in failing to remove the invalid warrant.

The invalid warrant and resulting false arrest caused a cascade of negative events.  Plaintiff's property, vehicle, and animals were seized, and Plaintiff ultimately lost possession of them.  Plaintiff lost his housing and employment.  Plaintiff was unable to participate in Veterans Administration ("VA") services and programs and had his VA disability compensation cut, because active warrants negatively affect veterans' eligibility for these services and programs.  On three different occasions, Plaintiff was sent to VA inpatient mental health or substance abuse programs, and then removed from these programs because of the active warrant.  The removal from these programs denied Plaintiff health care and put his life in severe danger.  Two of these programs were located out of state, and his removal from these programs required him to walk home while severally disabled.  In one instance, he left a program in Cheyenne, Wyoming in the dead of winter, and when he reached Denver, he was placed in the VA Hospital for over a month with life-threatening illnesses.  The invalid warrant also rendered him ineligible for housing, employment, and loans, as credit checks showed the invalid warrant.  The invalid warrant also denied Plaintiff his personal freedom as he was unjustly arrested several times.  The unjust arrests caused him embarrassment and harassment.  The Santa Cruz County Probation Department forced Plaintiff to leave an inpatient mental health facility by threatening to put a warrant out for his arrest.  Plaintiff was forced to leave with a colostomy bag and not allowed to pick up necessary medication or colostomy supplies.  Plaintiff stayed at a shelter, but the colostomy bag broke on the first night.  Plaintiff had to clean up the mess with his only clothes and wear these wet clothes while he walked three miles in the winter to the local hospital.  Plaintiff alleges that these negative events violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

Plaintiff seeks monetary damages for emotional injury and property damage, as well as punitive and compensatory damages.

### C.     Order of Partial Service

Liberally construed, the allegation that the City and County of Santa Cruz failed to remove

the erroneous arrest warrant despite being informed repeatedly of the warrant's invalidity states a cognizable Fourteenth Amendment claim. *See Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 619 (9th Cir. 2014) (public entity can be liable under Fourteenth Amendment for failing to institute readily available procedures for decreasing risk of erroneous detention).

The Court DISMISSES the remaining defendants – the State of California; the Santa Cruz City Police Department officers who arrested Plaintiff on April 1, 2024; the Santa Cruz Superior Court Judge on duty in Department 6 during April 2024; "Head of Santa Cruz (illegible) from 2020-2024;" and "Santa Cruz Probation Office from 2020-2024 – for from this action for the following reasons.

### 1.     Dismissal with Leave to Amend

#### A)     Santa Cruz Police Department Officers

The Court DISMISSES the Santa Cruz City Police Department officers who arrested Plaintiff on April 1, 2024 from this action for two reasons.

First, there are no factual allegations in the complaint from which it can be reasonably inferred that these police officers knew that the arrest warrant was invalid. The Fourth Amendment requires that an arrest be supported by probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Michigan v. Summers*, 452 U.S. 692, 700 (1981) (arrest is unlawful unless probable cause to support it). In the context of a Section 1983 action, "[p]robable cause to arrest exists when there is a 'fair probability or substantial chance of criminal activity' by the arrestee based on the totality of the circumstances known to the officers at the time of arrest." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1164 (9th Cir. 2022) (quoting *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc)). This "is not a high bar: It requires only the kind of fair probability on which reasonable and prudent people, not legal technicians, act." *Kaley v. United States*, 571 U.S. 320, 338 (2014) (cleaned up). While the complaint alleges that Plaintiff informed the Santa Cruz Probation Department and a Santa Cruz County judge that his probation had been terminated and that his arrest warrant for probation violation was therefore invalid, there is no allegation that the arresting officers knew of the invalidity of the arrest warrant, or that the totality of the circumstances was such that the arresting officers could reasonably and prudently

4

1  rely on such a representation from Plaintiff.

2        Second, Plaintiff has failed to identify the arresting officers. The use of "John Doe" to
3  identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637,
4  642 (9th Cir. 1980), in part because it is effectively impossible for the United States Marshal to
5  serve an anonymous defendant. The Court's general practice is to dismiss Doe defendants without
6  prejudice and, if the plaintiff is able to identify the unknown defendant through discovery, allow
7  the plaintiff leave to amend the complaint to name the intended defendant. *See Gillespie*, 629 F.2d
8  at 642. This complaint cannot proceed against "Santa Cruz City Police Department officers who
9  arrested Plaintiff on April 1, 2024." If Plaintiff wishes to sue these individuals, he must obtain
10  their names and sue them by their names.

11        The Court dismisses the claim against the Santa Cruz City Police Department officers who
12  arrested Plaintiff on April 1, 2024 with leave to amend to address the deficiencies identified
13  above. In preparing an amended complaint, if Plaintiff seeks to replead his claim against the Santa
14  Cruz City Police Department officers who arrested Plaintiff on April 1, 2024, he must identify
15  these individuals by name, in addition to making factual allegations that state a cognizable Section
16  1983 claim.

17                   **B)**      **Head of Santa Cruz (illegible) from 2020-2024**

18        Plaintiff's handwriting is hard to decipher in certain parts of the complaint, so it is unclear
19  the identity of this defendant. The Court therefore dismisses this defendant with leave to amend.
20  However, the Court notes the following deficiencies with suing the head of a Santa Cruz City or
21  County department. First, the complaint does not directly link this defendant to any of the alleged
22  violations. Second, the complaint does not appear to identify this defendant by name and, as
23  discussed above, this case cannot proceed against an unknown Doe defendant. Third, to the extent
24  that the complaint seeks to sue this defendant because he or she was the supervisor or employer of
25  the alleged wrongdoer, this fails to state a Section 1983 claim. There is no Section 1983 liability
26  simply because an individual supervised the alleged wrongdoer. *See Taylor v. List*, 880 F.2d
27  1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section
28  1983, i.e., no liability under theory that one is liable simply because he supervises person who has

violated plaintiff's right). Similarly, conclusory allegations that a supervisor promulgated unconstitutional policies and procedures which authorized their subordinates' unconstitutional conduct are speculative and do not suffice to state a claim of supervisory liability. *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018). Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

### 2. Dismissal with Prejudice

#### A) State of California

The Court DISMISSES with prejudice the claims against the State of California because they are barred by the Eleventh Amendment. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). With a few exceptions inapplicable here,[1] a state cannot be sued regardless of the relief sought. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)); *Confederated Tribes & Bands v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999). The Court dismisses the State of California from this action with prejudice as amendment would be futile.

#### B) Santa Cruz County Superior Court Judge

The Court DISMISSES from this action the Santa Cruz County Superior Court Judge on duty in Department 6 in April 2024. The complaint does not identify any federal statute or constitutional provision violated by the judge's remark, and it is unclear how such a remark would violate Plaintiff's constitutional rights. Regardless, the judge would be entitled to judicial

---

[1] There are certain exceptions to a state's Eleventh Amendment immunity to suit, none of which are applicable here. A state can waive its Eleventh Amendment immunity. *See, e.g., Johnson v. Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1021 (9th Cir. 2010) (state waives Eleventh Amendment immunity if it unequivocally indicates intent to subject itself to federal court jurisdiction). Congress may abrogate the states' sovereign immunity if it (1) unequivocally expresses its intent to abrogate the immunity and (2) acts pursuant to a valid exercise of power. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55-73 (1996). States can give up their immunity from congressionally authorized suits pursuant to the Constitution. *Torres v. Texas Dep't of Public Safety*, 597 U.S. 580, 584 (2022). Finally, Eleventh Amendment immunity is inapplicable where the plaintiff seeks prospective relief. *See, e.g., Lund v. Cowan*, 5 F.4th 964, 969-70 (9th Cir. 2021).

1    immunity for this remark because it was a comment made during judicial proceedings, and
2    therefore made in her judicial capacity.  A state judge is absolutely immune from civil liability for
3    damages for acts performed in his judicial capacity.  *See Pierson v. Ray*, 386 U.S. 547, 553-55
4    (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).  "A judge will not be
5    deprived of immunity because the action he took was in error, was done maliciously, or in excess
6    of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence
7    of all jurisdiction.'"  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citing *Bradley v. Fisher*,
8    80 U.S. (13 Wall.) 335, 351 (1872)); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judicial
9    immunity not overcome by allegations of bad faith or malice).  The dismissal of this defendant is
10   with prejudice because amendment would be futile.

### C) Santa Cruz Probation Office

If Plaintiff is seeking to hold the Santa Cruz Probation Office liable for constitutional violations, he is alleging a municipal liability claim against Santa Cruz County, and the proper defendant for Plaintiff's municipal liability claim is Santa Cruz County itself, whom Plaintiff has already named.  *Cf. Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing Santa Clara County Department of Corrections from Section 1983 action and noting that "[t]he County is a proper defendant in a § 1983 claim, an agency of the County is not"); *Stump v. Gates*, 777 F.Supp. 808, 816 (D. Colo. 1991) (noting that, "although some courts have overlooked it, naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality").  The Court DISMISSES the Santa Cruz Probation Office from this action with prejudice because it was incorrectly named as a defendant.

### D.    Request for Appointment of Counsel (Dkt. No. 1 at 2)

Plaintiff has requested that the Court appoint him counsel, arguing that counsel is warranted because of the complex issues in the case, because he is a veteran who served honorably in the military, and because he is disabled with two traumatic brain injuries. Dkt. No. 1 at 2.  The Court DENIES Plaintiff's request for counsel for the following reasons.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981).  A court "may request

7

1   an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Appointing

2   counsel is within the court's discretion and is granted only in exceptional circumstances.  *Wilborn*

3   *v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was

4   subsequently renumbered to 28 U.S.C. § 1915(e)(1)).  A finding of "exceptional circumstances"

5   requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of

6   the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues

7   involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

8   Both of these factors must be viewed together before reaching a decision on a request for counsel

9   under § 1915.  *See id*.  At this stage of the action, it is unclear whether Plaintiff will succeed on the

10  merits and, contrary to Plaintiff's assertion, the issues are not complex.  The request for

11  appointment of counsel is therefore DENIED for lack of exceptional circumstances without

12  prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so

13  require.  Dkt. No. 1 at 2.

## CONCLUSION

15  For the reasons set forth above, the Court orders as follows.

16  1.      Liberally construed, the complaint states a cognizable Fourth Amendment claim

17  against the City and County of Santa Cruz.

18  2.      The Court DISMISSES with prejudice the following defendants: the State of

19  California; the Santa Cruz Superior Court Judge on duty in Department 6 during April 2024; and

20  the Santa Cruz Probation Office from 2020-2024.

21  3.      The Court DISMISSES with leave to amend the following defendants: defendants

22  Santa Cruz City Police Department officers who arrested Plaintiff on April 1, 2024; and "Head of

23  Santa Cruz (illegible) from 2020-2024."  If Plaintiff wishes to file an amended complaint that

24  repleads his claims against these defendants and addresses the deficiencies identified above, he

25  shall file his amended complaint within twenty-eight (28) days of the date of this order.  The

26  amended complaint must include the caption and civil case number used in this order, Case No. C

27  24-07684 HSG (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the

28  court form complaint, Plaintiff must answer all the questions on the form in order for the action to

proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claim(s) found cognizable above and the defendant(s) served below. Plaintiff may not incorporate material from the prior complaints by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in Dkt. No. 1 remaining the operative complaint and this action proceeding solely on the claim(s) found cognizable above and against the defendant(s) ordered served below. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

4. The Court DENIES Plaintiff's request for appointment of counsel. Dkt. No. 1 at 2.

5. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint (Dkt. No. 1), with all attachments thereto, and a copy of this order upon **defendant the City and County of Santa Cruz** at **701 Ocean Street, Room 505, Santa Cruz, CA 95060.** A courtesy copy of the operative complaint with attachments and this order shall also be mailed to the Santa Cruz County Counsel, at 701 Ocean Street, Room 505, Santa Cruz, CA 95060.

6. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

---

[2] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that
9

    b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c.  Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  7.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in a defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

  8.  All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant's

---

failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

10. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

11. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 1/16/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge